BEA, Circuit Judge,
concurring in the judgment:
I agree with the majority that the district court judge did not err in re-empaneling the jury in this case. I further agree with the majority’s conclusion that the district court judge may re-empanel a jury only if he finds that the jury was “not exposed to any outside influences that would compromise their ability to fairly reconsider the verdict.” Maj: Op. at 1100. I do not agree, however, that the district court judge should be required to undertake “an appropriate inquiry” into whether prejudicial influences have .tainted the jury. Id. Because the majority’s adoption of this duty of inquiry is inconsistent with our adversarial system of justice, I concur only in the judgment. I also note the majority cites no statute, case, or regulation that imposes such a duty of inquiry on the district court.
Our system of justice is an adversarial one. “What makes a system adversarial rather than inquisitorial is not the presence of counsel,” but “the presence of a judge who does not (as an inquisitor does) conduct the factual and legal investigation himself, but instead decides on the bases of facts and arguments pro and con adduced by the parties.” McNeil v. Wisconsin, 501 U.S. 171, 181 n. 2, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). Consistent with this principle, our court has never required district court judges develop — by interrogation of witnesses — the record on which they render judgments; instead, we re *1103 quire district court judges to make specific findings based on the evidence that the parties place in the record.[1]
Thus, for example, Federal Rule of Criminal Procedure 23 states that a district court can excuse a seated juror in a criminal case, but only if the district court finds that “good cause” exists. And when the record does not support a district court’s finding that good cause existed, we do not hesitate to tell it so. See, e.g., United States v. Symington, 195 F.3d 1080, 1088 (9th Cir.1999) (finding district court erred in dismissing juror when record showed reasonable possibility that juror’s view of merits of case were basis of removal). But we have never held that a district court has any duty to interrogate jurors to develop that record, or that it would be reversible error for a district court to accept the parties’ submission that the record was sufficient for it to rule.[2]
Nor should we. District court judges are “in the best position to evaluate the jury’s ability to deliberate,” and should be accorded the widest latitude in determining how to make that evaluation. United States v. Vartanian, 476 F.3d 1095, 1098 (9th Cir.2007) (quoting United States v. Beard, 161 F.3d 1190, 1194 (9th Cir.1998)). Indeed, this court has, for more than three decades, considered trial courts “uniquely qualified” to evaluate the possibility that a juror has been biased. United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981). Despite this presumption, the majority creates a new, unnecessary requirement that will hinder the ability of district court judges to manage the jury as they see fit.
In sum, the majority’s rule is inconsistent with both basic principles of adversarial procedure and well-founded principles of appellate deference to trial court judgments. Because I would not mandate any sya sponte inquiry by the district court into a matter that the parties are well-equipped to investigate themselves, I concur only in the judgment.

. There is one exception to the principle I have stated: when the question before the court is whether a party has received adequate representation, there is reason to distrust the parties’ ability (or motive) to develop a full record. Thus, for example, a court cannot accept a guilty plea unless it has "determine[d] that the defendant understands” the rights he gives up by pleading guilty, thereby ensuring that a defendant who waives his right to trial is doing so in knowing and voluntary fashion. Fed.R.Crim.P. 11(b). Here, by contrast, the majority does not argue (and there is no reason to think) that the parties are incapable or unwilling to develop the necessary record by interrogation of the witnesses.

. Of course, much as an appellate court judge may choose to research a legal point not fully presented in the parties’ briefs, a trial court may choose to participate in development of the record, by (for example) asking questions itself of jurors accused of improper conduct. Indeed, district court judges often question jurors accused of improper conduct to determine whether the juror may continue to serve, in part because a party's lawyer may not be keen to ask hard questions of a juror about to decide his client’s case. Salutary though this practice may be, no court has ever made it mandatory in the manner of today’s majority opinion.